UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 16cr0460-GPC |
|---|---|
| Plaintiff, | PRELIMINARY ORDER OF CRIMINAL FORFEITURE |
| v. | |
| MICHAEL TANDBERG, | |
| Defendant. | |

WHEREAS, in the Information in the above-captioned case, the United States sought forfeiture of all right, title and interest in properties of the above-named Defendant, MICHAEL TANDBERG ("Defendant"), pursuant to Title 18, United States Code, Section 982(a)(1), as properties involved in the offense of Conspiracy to Launder Monetary Instruments, and any property traceable to such property, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i) and (h), as charged in the Information; and

WHEREAS, on or about March 10, 2016, Defendant pled guilty before Magistrate Judge David H. Bartick to the one-count Information, which plea included consents to the forfeiture allegations of the Information, including forfeiture of all properties involved in the money laundering conspiracy, including but not limited to the following:

//

1 Bank of America Account ending in -1826 in the name of Lahar
2 Manufacturing, with Adam Hopkins and Michael Tandberg as owners of Lahar and
3 signers on the account; JP Morgan Chase Bank Account -8234 in the name of Adam
4 Hopkins; approximately 5,760 300-ml cans of Puretane butane; and approximately
5 60,768 300-ml bottles of Puretane butane; and

6 WHEREAS, on March 25, 2016 this Court accepted the guilty plea of
7 Defendant; and

8 WHEREAS, the approximately 5,760 300-ml cans of Puretane butane and
9 approximately 60,768 300-ml bottles of Puretane butane have already been forfeited
10 administratively by Homeland Security Investigations, and pursuant to the terms of
11 the Defendant's plea agreement, he consented to the forfeiture of all properties seized
12 in connection with the case; and

13 WHEREAS, by virtue of the facts set forth in the plea agreement and forfeiture
14 addendum, the United States has established the requisite nexus between the forfeited
15 Bank of America Account ending in -1826 and the JP Morgan Chase Bank Account
16 ending in -8234 (the properties) and the offense; and

17 WHEREAS, by virtue of said guilty plea, the United States is now entitled to
18 possession of the above-referenced properties, pursuant to 18 U.S.C. § 982(a)(1),
19 21 U.S.C. § 853 and Rule 32.2(b) of the Federal Rules of Criminal Procedure; and

20 WHEREAS, pursuant to Rule 32.2(b), the United States having requested the
21 authority to take custody of the above-referenced properties which were found
22 forfeitable by the Court; and

23 WHEREAS, the United States, having submitted the Order herein to the
24 Defendant through his attorney of record, to review, and no objections having been
25 received;

26 Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

27 1. Based upon the guilty plea of the Defendant, the United States is hereby
28 authorized to take custody and control of the Bank of America Account ending in -

1826, in the amount of $6,818.01, and the JP Morgan Chase Bank Account ending in -8234, in the amount of $37,714.58, and all right, title and interest of Defendant MICHAEL TANDBERG in these properties are hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n).

2. The aforementioned forfeited assets are to be held by the United States Homeland Security Investigations in its secure custody and control.

3. Pursuant to Rule 32.2(b) and (c), the United States is hereby authorized to begin proceedings consistent with any statutory requirements pertaining to ancillary hearings and rights of third parties. The Court shall conduct ancillary proceedings as the Court deems appropriate only upon the receipt of timely third party petitions filed with the Court and served upon the United States. The Court may determine any petition without the need for further hearings upon the receipt of the Government's response to any petition. The Court may enter an amended order without further notice to the parties.

4. Pursuant to the Attorney General's authority under Section 853(n)(1) of Title 21, United States Code, Rule 32.2(b)(6), Fed. R. Crim. P., and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States forthwith shall publish for thirty (30) consecutive days on the Government's forfeiture website, www.forfeiture.gov, notice of this Order, notice of the United States' intent to dispose of the properties in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the above-listed forfeited properties must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

5. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and

extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought.

  6. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the properties that are the subject of the Preliminary Order of Criminal Forfeiture, as a substitute for published notice as to those persons so notified.

  7. Upon adjudication of all third-party interests, this Court will enter an Amended Order of Forfeiture pursuant to 21 U.S.C. § 853(n) as to the aforementioned assets, in which all interests will be addressed.

  8. Pursuant to Rule 32.2(b)(4), this Order of Forfeiture shall be made final as to the Defendant at the time of sentencing and is part of the sentence and included in the judgment.

Dated: April 19, 2016

                *Gonzalo Curiel*
                Hon. Gonzalo P. Curiel
                United States District Judge